IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM VICTOR and
DEMETRIUS BAILEY,
    Plaintiff

v.

R.M. LAWLER, et al.,
    Defendants

CIVIL NO. 3:07-cv-2058

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

FILED
SCRANTON
DEC 0 3 2010

PER _____
DEPUTY CLERK

# MEMORANDUM and ORDER

On November 13, 2007, William Victor and Demetrius Bailey filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against Defendants, past and present employees at the State Correctional Institution ("SCI"), Huntingdon, Pennsylvania. (Doc. 1).[1] Plaintiff Bailey alleged, inter alia, that he was issued misconducts in retaliation for filing a lawsuit and grievances, that he was physically assaulted on at least two occasions, that he was sexually harassed, and that he was denied medical treatment. (Id.). Presently pending are motions for summary judgment filed by Plaintiff[2] and Defendants. (Docs. 317, 328). On August 11, 2010, Magistrate Judge Martin C. Carlson issued a Report & Recommendation ("R&R") recommending that Plaintiff's motion for summary judgment (Doc. 317) be denied, that Defendants' motion for summary judgment (Doc. 328) be granted, and that the case be closed. (Doc. 336). Plaintiff filed objections on August 26, 2010, (Doc. 337), to which Defendants filed a brief in opposition on September 3, 2010, (Doc. 338). For the reasons set forth below, the R&R will be adopted in part.

---

[1] On May 18, 2010, all claims filed by William Victor were dismissed. (Doc. 335).

[2] Hereinafter, "Plaintiff" refers only to Demetrius Bailey.

1

## Background

This case involves a lengthy procedural history, which will not be recited in detail. See (Doc. 336, pp. 2-6) (providing additional background for Plaintiff's claims). Of note, however, on February 26, 2010, Magistrate Judge Carlson issued a R&R determining that of Plaintiff's nineteen (19) fully exhausted grievances, only five (5) related to the allegations raised in the Complaint or any of the named Defendants. (Doc. 315). These exhausted grievances include: No. 184544 (alleging improper conduct by Defendant Cook); No. 199098 (regarding a requested cell transfer to communicate with another inmate); No. 201025 (alleging a retaliatory assault during a cell extraction by Defendants Oakes, Stever, Grove, and Means); No. 202113 (regarding an alleged statement Defendant Fink made to Plaintiff about another inmate); and No. 202759 (alleging mishandling of legal mail). (Id. at p. 12). On May 18, 2010, all of Plaintiff's claims, except those regarding these five (5) grievances were dismissed. (Doc. 332). Plaintiff's appeal from this Order was dismissed on August 5, 2010 for failure to timely prosecute. (Doc. 335).

On March 4, 2010, Plaintiff filed a motion for summary judgment, alleging that because Defendants do not dispute the facts of Grievance Nos. 184544, 199098, 201025, 202113, and 202759, they have admitted violating Plaintiff's constitutional rights and judgment must be awarded in his favor. (Docs. 317-318). In their opposition brief, Defendants stated that they do "dispute the Plaintiff's allegations of abuse, harassment, and mail tampering." (Doc. 325, p. 3). "Defendants also contend[ed] that the misconducts issued to him were issued for legitimate penological reasons [and] would have been issued even absent the Plaintiff's protected constitutional activity." (Id.).

On March 26, 2010, Defendants filed a motion for summary judgment. (Docs. 328-329).

2

Defendants asserted that they are entitled to summary judgment on at least four of the exhausted matters, specifically Grievance Nos. 184544, 202113, 199098, and 202759. (Doc. 329, pp. 3-9). Additionally, Defendants argued that because they would have issued the alleged retaliatory misconducts absent Plaintiff's protected activity, he failed to prove the causation element of a retaliation claim. (Id. at 9-14). Plaintiff did not file a brief in opposition to the motion.

**Standard of Review - R&R**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). If no objections are made to a report, the district court is not required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149 (1985). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987)). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating

"the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Standard of Review - Summary Judgment**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The court must view the facts, and all reasonable inferences, in the light most favorable to the non-moving party. Montanez v. Thompson, 603 F.3d 243, 248 (3d Cir. 2010). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990).

**Discussion**

A. **Plaintiff's Motion for Summary Judgment**

In the R&R, Magistrate Judge Carlson first discussed Plaintiff's motion for summary judgment and explained that Plaintiff did not meet his obligations under the summary judgment standard. (Doc. 336, p. 9). It was determined that contrary to Plaintiff's allegations, Defendants have disputed his claims; therefore, he has failed to show the absence of a genuine issue of material fact. (Id.). The Magistrate Judge found that Plaintiff "simply ignores entirely the factual, legal, and evidentiary bases for his claims, and relies instead upon vague assertions and

his own view of what the law requires. In short, he is not entitled to summary judgment." (Id.).

In his objections to the R&R, Plaintiff broadly contends that the Magistrate Judge's decision was erroneous and that he refused to look at the evidence. (Doc. 337). Plaintiff asserts that he clearly presented evidence to support his retaliation claims. (Id.).

Despite the lack of specificity in Plaintiff's objections, this Court has conducted de novo review and agrees with Magistrate Judge Carlson's assessment. See 28 U.S.C. § 636(b)(1)(C). As discussed below, even if Plaintiff's allegations are accepted as true, he has failed to show that he is entitled to judgment as a matter of law. Thus, Plaintiff's motion for summary judgment will be denied.

## B. Defendants' Motion for Summary Judgment

Next, the Report analyzed Defendants' motion for summary judgment and concluded that their motion should be granted. (Doc. 336, pp. 9-18). Magistrate Judge Carlson determined that Plaintiff's claims alleged that Defendants retaliated against him for exercising his First Amendment rights. (Id. at p. 9). The Magistrate Judge stated, "[a] prisoner claiming that prison officials have retaliated against him for exercising his rights under the First Amendment must prove that: (1) the conduct in which he engaged was constitutionally protected; (2) he suffered adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial motivating factor in the defendants' conduct." (Id.) (citing Carter v. McGrady, 292 F.3d 152, 158 (3d Cir. 2002)). The R&R described an adverse action as one "sufficient to deter a person of ordinary firmness from exercising his rights." (Id. at p. 10) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000); see also Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001)). The Report explained that the

5

crucial third element, causation, requires a plaintiff to "prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." (Doc. 336, pp. 10-11) (quoting Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007); Krouse v. American Sterilizer Co., 126 F.3d 494, 503-04 (3d Cir.1997)). Only if a plaintiff establishes all three requirements will the burden shift to the defendants to prove that they would have made the same decision absent the protected conduct for reasons reasonably related to penological interest. (Doc. 336, p. 12) (citing Carter, 292 F.3d at 158).

Magistrate Judge Carlson concluded that when the claims are individually assessed, it is apparent Plaintiff failed to show that the conduct in which he engaged was constitutionally protected or that it was a substantial motivating factor in Defendants' actions. (Doc. 236, pp. 17-18). The R&R discussed each grievance in turn.

### 1. Grievance No. 184544

As to Grievance No. 184544, the Magistrate Judge found that Plaintiff alleged Defendant Cook threatened to issue him a misconduct and made a sexual comment to him. (Doc. 336, pp. 12-13). Magistrate Judge Carlson determined that Defendant Cook disputes these allegations, that Plaintiff has produced essentially no evidence in support of this claim, and that, even assuming the allegations are true, "Plaintiff has not shown that these isolated instances qualify as adverse actions sufficient to support a claim for First Amendment retaliation." (Id.). Additionally, he determined that there is no evidence that Plaintiff's protected conduct was a substantial motivating factor in Defendant Cook's statement. See id. The Report recommended that Defendants' motion for summary judgment on this claim be granted.

De novo review of the record, including the Complaint, the grievance, and Plaintiff's deposition testimony, reveals that Plaintiff's claim is that Defendant Cook threatened him with a misconduct for allegedly refusing to converse and made a sexual remark to him. (Doc. 1, ¶ 20); (Doc. 263, pp. 126, 181). Plaintiff filed Grievance No. 184544 regarding this alleged threat and sexual harassment, following which he was issued Misconduct No. A951718 by Defendant Harman. (Id. at pp. 177-185). The misconduct charged Plaintiff with threatening an employee with bodily harm and lying to an employee. (Id. at p. 177). Specifically, Misconduct No. A951718 alleged that when Defendant Harman was investigating Grievance No. 184544, Plaintiff stated "Just keep that so called counselor away from me or I am going to do what I have to do." (Id.). Also, the misconduct stated that Defendant Harman "determined that [Plaintiff] made a false allegation towards Mr. Cook in his request slip due to his failure to answer any questions relating to his request slip." (Id.). In the Complaint, Plaintiff claimed that this misconduct was issued by Defendant Harman out of retaliation for filing a grievance against Defendant Cook for harassing him. (Doc. 1, ¶¶ 21-22); (Doc. 263, p. 129).

As to the allegations of threats and harassment by Defendant Cook, "words spoken to a prisoner by a correctional officer, even when those words are harsh, do not amount to a violation of the prisoner's civil rights by the officer." Jones v. Luzerne County Corr. Facility, 2010 U.S. Dist. LEXIS 86430, *20 (M.D. Pa. 2010) (Vanaskie, J.). Similarly, isolated incidents of sexual harassment of a prisoner do not support a cruel and unusual punishment claim. (Id. at *20-21); Sharpe v. Costello, 2007 U.S. Dist. LEXIS 26779, *12 (M.D. Pa. 2007) (Kane, J.) (holding that the defendant's failed attempt to fondle the plaintiff and the subsequent, isolated instances of verbal harassment do not rise to the level of a constitutional violation).

7

Regarding the alleged retaliatory conduct by Defendant Harman, the courts have rejected a retaliation claim against one defendant based on a grievance filed against another defendant.[3] See Royster v. Beard, 2008 U.S. Dist. LEXIS 56764, *15-16 (M.D. Pa. 2008) (Caputo, J.) (concluding that the plaintiff failed to satisfy the causal connection requirement in his retaliation claim against defendant Huber because the previously filed grievance did not name defendant Huber); Evans v. Rozum, 2009 U.S. Dist. LEXIS 117717, *80 (W.D. Pa. 2009) (Hay, M.J.) (holding that to the extent the grievances and pending lawsuit were not filed against the moving defendants, "there is no apparent reason why [the moving defendants] would want to retaliate against Plaintiff for filing a lawsuit against others"). Moreover, assuming arguendo, Plaintiff could establish the required elements of a retaliation claim, the undisputed facts[4] prove that Defendant Harman would have nevertheless filed a misconduct against Plaintiff for threatening an employee. Consequently, Magistrate Judge Carlson's recommendation, that Plaintiff's retaliation claim in Grievance No. 184544 be dismissed, will be adopted.

## 2. Grievance No. 202113

Next, the Report recommended that summary judgment be awarded to Defendants regarding Grievance No. 202113 because Plaintiff failed to identify any adverse action taken against him. (Doc. 336, pp. 13-14). In this claim, Plaintiff alleged that Defendant Fink made

---

[3] It is noted that if Plaintiff also intended to raise a retaliation claim against Defendant Cook for his harassing statements, Plaintiff did not file any grievances or lawsuits against Defendant Cook before the alleged comments. See (Doc. 329, p. 5). Thus, the Magistrate Judge correctly concluded that there is no evidence Plaintiff's protected conduct was a substantial motivating factor in Defendant Cook's statements.

[4] Plaintiff admitted at his deposition that he told Defendant Harman, "just keep that so-called counselor away from me, or I am going to do what I have to do." (Doc. 263, p. 132).

8

disparaging comments about another inmate to him. (Id.). Magistrate Judge Carlson determined that "Plaintiff has done nothing to explain how Nurse Fink's alleged comments about another inmate – something that Nurse Fink has denied – could conceivably constitute retaliation against Plaintiff for his own protected activity." (Id.).

An independent review of the record supports the findings and recommendations in the R&R. Grievance No. 202113 alleged that when Defendant Fink was distributing Plaintiff's medication, she advised him that inmate Gray "is a rat" and that "if you stay around him he would bring you down." (Doc. 263, p. 214). Plaintiff stated, "I feel that out of retaliation this Nurse is trying to play me against another inmate to harm him for whatever reason." (Id.). The grievance form itself establishes the lack of evidence to support a retaliation claim. First, Plaintiff failed to explain what constitutionally protected activity in which he was engaged. Second, the comments were made to allegedly harm someone else, therefore demonstrating the absence of an adverse action to Plaintiff. Third, the grievance stated that Defendant Fink's comments were made for some unknown reason, demonstrating the absence of a causal link. Further, at his deposition, Plaintiff testified that he told inmate Gray about the comments and it was Gray who asked Plaintiff to file the grievance. (Id. at p. 149). Magistrate Judge Carlson's recommendation to grant Defendants summary judgment on this claim will be adopted.

### 3. Grievance No. 199098

The R&R stated that in Grievance No. 199098, Plaintiff alleged that Defendants Oakes and Walter refused to move him to a different cell in retaliation, presumedly for filing civil lawsuits. (Doc. 336, pp. 14-15). The Magistrate Judge determined that this claim appears to be based on Plaintiff's desire to visit the law library with another inmate named Sutton, who was a

co-plaintiff in one or more state court cases. (Id.). However, because SCI- Huntingdon has a long standing policy restricting two or more inmates from using the law library at the same time, the Report concluded that Plaintiff has not shown the enforcement of this policy was retaliatory. (Id.), citing Bell v. Wolfish, 441 U.S. 520, 547 (1979) ("It is well-settled that 'prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are necessary to preserve internal order and discipline and to maintain institutional security.'").

De novo review confirms that Grievance No. 199098 alleged that Plaintiff requested a transfer in order to communicate with inmate Sutton, which was allegedly refused by Defendants Oakes and Walter in retaliation for a prior incident with another staff member and for complaints. (Doc. 263, p. 189); see also (Doc. 1, ¶ 44). Plaintiff testified at his deposition that this grievance was filed because he wanted to be moved in order to visit the law library with his co-plaintiff, Sutton. (Doc. 263, pp. 138-139). Plaintiff claimed that he was denied placement in the law library with Sutton due to the complaints he and Sutton were filing against staff. (Id.). As Magistrate Judge Carlson pointed out, SCI- Huntingdon has a policy restricting two or more inmates from accessing the law library at the same time. (Doc. 336, pp. 14-15). Plaintiff admitted that this policy was in place when he arrived at SCI-Huntingdon. (Doc. 263, pp. 136-137). Accordingly, he failed to establish that his prior complaints were a substantial motivating factor in Defendants' decision to enforce a long-standing policy. The recommendation to grant Defendants' motion for summary judgment on this claim will be adopted.

### 4. Grievance No. 202579

Next, the R&R discussed Grievance No. 202759, wherein Plaintiff alleged that

10

Defendants Oakes, Stever, and Means improperly delivered his legal mail to his former co-plaintiff, William Victor. (Doc. 336, pp. 15-16). Magistrate Judge Carlson found that the legal basis of the claim is not clear, but apparently Plaintiff contends that his mail was intentionally misdirected to curb his efforts to obtain legal relief, or in retaliation for filing lawsuits. (Id.). To the extent Plaintiff claimed that the mishandling of his mail denied him access to the courts, the Magistrate Judge concluded that he failed to show an actual injury. (Id.), citing Lewis v. Casey, 518 U.S. 343, 352 (1995) (holding that only when an inmate shows that an actionable claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented ... [has he] demonstrated that the State has failed to furnish 'adequate law libraries...'."). If, on the other hand, Plaintiff alleged that his mail was mishandled in retaliation, Magistrate Judge Carlson determined that Plaintiff has not produced any evidence that the misdirection of his mail was intentional or otherwise retaliatory. (Doc. 336, p. 16). Consequently, it was recommended that summary judgment be granted in favor of Defendants regarding this grievance.

After an independent examination of the record, this Court agrees that Grievance No. 202759, when broadly read, asserts both a claim for denial of access to the courts and for retaliation against Defendants Oakes, Stever, and Means for allegedly misdirecting his mail to his former co-plaintiff, William Victor. See (Doc. 1, ¶ 62); (Doc. 263, p. 217). However, Plaintiff's allegations regarding this grievance are somewhat scattered. First, the grievance alleged that Defendants intentionally tampered with Plaintiff's legal mail to cause him to miss a court deadline due to a problem on the block with these guards. (Doc. 263, p. 217). He stated that anything could have happened to the legal mail without his knowledge due to retaliation of complaining. (Id.). Then in the Complaint, Plaintiff alleged that Defendants Oakes, Stever, and

Means gave his mail to Victor on October 3, 2007 "to cause problems between inmates." (Doc. 1, ¶ 62). Finally, at his deposition, Plaintiff testified that his mail was misdirected on a couple of occasions.[5] (Doc. 263, p. 150). When asked why Defendants would do this, Plaintiff replied "I don't know. Maybe for us to have a conflict, but I didn't know him at the time." (Id.).

"In order to state a claim for a denial of the right of access to the courts, a plaintiff must allege both an underlying cause of action, whether anticipated or lost, and official acts frustrating the litigation." Falciglia v. Erie County Prison, 2007 U.S. Dist. LEXIS 81024, *13-14 (W.D. Pa. 2007) (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002)). As the R&R indicated, the plaintiff must also show an actual injury. (Doc. 336, pp. 15-16) (citing Lewis, 518 U.S. 343); see also Wheeler v. Beard, 2005 U.S. Dist. LEXIS 15842, *23 (E.D. Pa. 2005) (stating, "it takes more than proof of obstruction to make out a constitutional claim that access to the courts has been denied"). In Rice, Judge Muir granted the defendants' summary judgment motion on the claim regarding tampering with legal mail because the plaintiff did not establish an actual injury. Rice v. Slashinski, 2010 U.S. Dist. LEXIS 6130, *15-16 (M.D. Pa. 2010) (Muir, J.). The Court stated, "[w]hile an issue of fact may exist as to whether defendants improperly held plaintiff's mail, plaintiff's claim fails because he has not alleged any injury as a result of the alleged incidents." (Id.).

De novo review substantiates Magistrate Judge Carlson's findings and recommendations

---

[5] Although Plaintiff testified at his deposition that his mail was misdirected on more than one occasion, the Complaint mentions only one date. (Doc. 1, ¶ 62) (alleging, "on 10-3-07, Bailey filed grievance #202759 about Sgt. Oakes, c/o Stever, c/o Means tampering with the legal mail and **gave** my mail to inmate Victor...") (emphasis added). Similarly, the grievance, without specifying the date, refers to only one incident. (Doc. 263, p. 217) (stating "my legal mail **was** given to William Victor...") (emphasis added). Accordingly, only one alleged incident is before the Court.

as to Grievance No. 202759 that Plaintiff did not allege an underlying cause of action, nor did he plead actual injury.[6] Further, there is no evidence to establish that Defendants' one mishandled delivery of Plaintiff's mail had a retaliatory purpose. The pleadings suggested that Defendants intended to cause Plaintiff to miss a court deadline or acted to cause problems between inmates, but when directly asked at his deposition why Defendants mishandled his mail, Plaintiff replied, "I don't know." (Doc. 263, p. 150). Accordingly, the recommendation regarding this grievance will be adopted.

### 5. Grievance No. 201025

Finally, the Magistrate Judge concluded that there is no basis to permit Grievance No. 201025 to proceed to trial. (Doc. 336, pp. 16-17). The R&R stated that in this claim, Plaintiff alleged that Defendant Oakes and other prison staff, in retaliation, assaulted him in his cell. (Id.). The Report determined that this incident apparently arose when prison personnel removed Plaintiff from his cell after observing him attempting to harm himself. (Id.). The Magistrate Judge determined that Plaintiff "has not explained how this incident relates to protected activity in which he had engaged" and that there is no evidence to support his allegations. (Id.).

---

[6]This Court searched the public court dockets of Plaintiff's criminal cases for which he is presently confined and of the habeas and civil actions pending in the Pennsylvania federal courts on October 3, 2007, and has determined that the alleged misdelivery of his legal mail did not result in any missed court deadlines. See Bailey et al. v. Beard et al., Civil No. 06-cv-1717 (M.D. Pa. filed August 31, 2006); Bailey et al. v. Diguglielmo et al., Civil No. 07-cv-719 (E.D. Pa. filed February 22, 2007); Bailey et al. v. Beard et al., Civil No. 07-cv-3723 (E.D. Pa. filed September 7, 2007); Bailey et al. v. Gagnon et al., Civil No. 06-cv-1154 (W.D. Pa. filed August 6, 2006); Bailey v. Wakefield et al., Civil No. 07-cv-1122 (W.D. Pa. filed August 15, 2007); Commonwealth v. Bailey, Criminal No. 94-cr-8102 (Allegheny Cty. Ct. Com. Pl. filed June 27, 1994); Commonwealth v. Bailey, Criminal No. 94-cr-6594 (Allegheny Cty. Ct. Com. Pl. filed May 26, 1994); Commonwealth v. Bailey, Criminal No. 94-cr-6409 (Allegheny Cty. Ct. Com. Pl. filed May 24, 1994).

Accordingly, it was recommended that Defendants' motion for summary judgment be granted on this final claim and that the case be closed.

After an independent review, it is concluded that the R&R correctly construed Plaintiff's claim that he was assaulted by Defendant Oakes and other prison staff, specifically Defendants Stever, Grove, and Means, on September 12, 2007 to be one of retaliation. See (Doc. 1, ¶ 48); (Doc. 263, p. 197). Plaintiff alleged that this assault was "out of retaliation for filing grievance #199098 and Civil Action No. 07-866...." (Doc. 263, p. 197); see Bailey v. Miller, et al., Civil No. 07-866 (Huntingdon Cty. Ct. Com. Pl. filed October 15, 2007) (naming as defendants Ann Miller, Lt. Baird, R. Reed, and C. Mitchell). However, the lawsuit did not name any of the Defendants allegedly involved in the assault and only Defendant Oakes was named in Grievance No. 199098. See Royster, 2008 U.S. Dist. LEXIS 56764 at *15-16 (determining that the plaintiff could not establish a causal link between the alleged retaliation and a grievance that did not name the defendants). Further, at the time of the alleged assault, Grievance No. 199098 had already been reviewed and denied, with no adverse mention of Defendant Oakes. Consequently, this Court will adopt the recommendation that Grievance No. 201025, to the extent it alleged retaliation, be denied.

Nevertheless, this Court concludes that Grievance No. 201025 also asserted a claim under the Eighth Amendment. The grievance alleged that on September 12, 2007, Defendants Oakes, Stever, Grove, and Means assaulted him "for unjust reasons causing pain." (Doc. 263, p. 197). Plaintiff claimed that Defendant "Oakes was punching [him in his] arms, ribs, thigh, and legs causing swelling." (Id.). The Complaint alleged that Defendants Means and Grove were holding Plaintiff while Defendant Oakes threw punches and that Defendant Stever hit him in the ribs.

14

(Doc. 1, ¶¶ 48-49). Plaintiff also claimed that Defendants put shackles on so tightly that they cut his right ankle, then Defendants dragged him fifty (50) feet from his cell. (Id.); (Doc. 263, p. 197). Plaintiff alleged that pictures were taken by Nurse Ann Miller. (Doc. 263, p. 197). The Complaint asserted claims under the First, Eighth, and Fourteenth Amendments[7] for the alleged assaults. (Doc. 1, ¶ 89); see also (Doc. 317) (stating that the alleged assault discussed in Grievance No. 201025 violated Plaintiff's First, Eighth, and Fourteenth Amendments).

"The relevant inquiry in evaluating a claim of excessive force by prison guards is whether the force used was applied in good faith to maintain or restore discipline, or instead sadistically or maliciously to cause harm." Zimmerman v. Schaeffer, 654 F. Supp. 2d 226, 248 (M.D. Pa. 2009) (Rambo, J.) (citing Hudson v. McMillian, 503 U.S. 1, 7 (1992)). "Summary judgment in favor of a defendant is not appropriate 'if it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain.'" Id. at 247 (citing Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000)).

In Brooks, 204 F.3d 102, the prisoner-plaintiff claimed that three prison guards had beaten him in violation of the Eighth Amendment. The plaintiff alleged that while handcuffed, he was repeatedly punched in the head, kicked, slammed into a wall, choked, and threatened by

---

[7]Although Plaintiff cites the Fourteenth Amendment, the United States Supreme Court holds, "[w]here a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" Albright v. Oliver, 510 U.S. 266, 273 (1994) (plurality opinion of Rehnquist, C.J.) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)). "After conviction, the Eighth Amendment 'serves as the primary source of substantive protection . . . in cases . . . where the deliberate use of force is challenged as excessive and unjustified.'" Graham, 490 U.S. at 395 (citing Whitley v. Albers, 475 U.S. 312 (1986)). Accordingly, Plaintiff cannot also assert a claim under the Fourteenth Amendment. See Walthour v. Tennis, 2008 U.S. Dist. LEXIS 8032, *15 (M.D. Pa. 2008) (Vanaskie, J.).

15

the defendants. Id. The defendants, on the other hand, claimed that the plaintiff refused three orders to hang up the telephone, then he threw the phone against the wall, spun around, and grabbed one of the defendants' shirt. Id. They allege that the two other defendants helped restrain the plaintiff, without any use of physical or verbal abuse. Id. The undisputed medical evidence showed only minor injuries to the plaintiff. Id. The Court determined that although the plaintiff was not able to present any objective evidence of anything but de minimus injuries, his claim survived a summary judgment motion. Id. The Court held, "[a]ccepting Brooks's allegations as true, as we must, a jury could find that the defendants acted not merely in good faith to maintain or restore discipline, but rather out of malice for the very purpose of causing harm." Id. at 109. Further, "we cannot say as a matter of law, viewing the facts in the light most favorable to Brooks, that excessive force was not used [and] it was improper to grant summary judgment on this claim." Id.

Similarly, in Smith, the Court considered the prisoner-plaintiff's claim that he was subjected to an unjustified beating by corrections officers. Smith v. Mensinger, 293 F.3d 641, 644 (3d Cir. 2002). The plaintiff alleged that he refused defendant Mensinger's order to enter his cell because it was wet and he was issued a misconduct. Id. The plaintiff claimed that later in the day, Mensinger, who was allegedly drunk, falsely accused him of punching her in the face and that several other defendants escorted him to the Unit Manager's Office. Id. The plaintiff alleged that while handcuffed behind his back, the defendants rammed his head into a wall, knocked him to the floor, and repeatedly punched and kicked him. Id. Although the district court concluded, based on a disturbance created by the plaintiff, that the "defendants reasonably perceived plaintiff to be a threat and the need for the application of force was apparent", the

16

Court of Appeals reversed the award of summary judgment. Id. at 649. On appeal, the Court held, "[i]f we accept Smith's version of the facts as true, as we must, there was simply no justification for the defendants' conduct, and the district court's ruling to the contrary can not stand." Id. at 650.

Here, Defendants disputed Plaintiff's allegations of abuse and claimed that they entered the cell because he was observed attempting to hang himself. (Doc. 263, p. 200). They contended that Plaintiff resisted their efforts and that the minimum amount of force was used to subdue Plaintiff to ensure he would not suffer further injury. (Id.). However, Plaintiff claimed that Defendants' allegations are false and that they are only trying to cover up the unjustified attack. (Id. at p. 200). Accepting Plaintiff's version of the facts as true, a jury could find that Defendants acted maliciously; therefore, summary judgment cannot be awarded as to this limited issue.[8]

## Conclusion

After de novo review, it is determined that Magistrate Judge Carlson correctly concluded that Plaintiff's motion for summary judgment (Doc. 317) should be denied. Additionally, the R&R will be adopted as to the recommendation that Defendants' summary judgment motion (Doc. 328) be granted on Grievance Nos. 184544, 202113, 199098, and 202759. As to Grievance No. 201025, to the extent Plaintiff alleged a retaliation claim, summary judgment will be awarded to Defendants. However, this Court has concluded that Grievance No. 201025 also

---

[8]Although not determinative, it is noted that Defendants' motion for summary judgment did not allege that summary judgment was appropriate on this claim. See (Doc. 329) (asserting that Defendants are entitled to summary judgment as to at least **four of the five** grievances and failing to argue why summary judgment should be awarded on the assault claim in Grievance No. 201025) (emphasis added).

alleged a claim under the Eighth Amendment and that summary judgment should not be granted on this issue. Accordingly, all but Defendants Oakes, Stever, Grove, and Means will be terminated from this action and Plaintiff may proceed solely on the Eighth Amendment claim in Grievance No. 201025.

Date: December 3, 2010

United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEMETRIUS BAILEY,
    Plaintiff

v.

R.M. LAWLER, et al.,
    Defendants

CIVIL NO. 3:07-cv-2058

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

## ORDER

AND NOW, THIS 3rd DAY OF DECEMBER, 2010, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 336) is **ADOPTED in part:**

   A. Plaintiff's motion for summary judgment (Doc. 317) is **DENIED**;

   B. Defendants' motion for summary judgment (Doc. 328) is **GRANTED** as to Grievance Nos. 184544, 202113, 199098, and 202759, and the retaliation claim in Grievance No. 201025;

   C. Plaintiff's only remaining claim is the Eighth Amendment claim in Grievance No. 201025, all other claims are **DISMISSED**;

2. Plaintiff's objections to the R&R (Doc. 337) are **OVERRULED**;

3. All Defendants, except for Defendants Oakes, Stever, Grove, and Means, are **TERMINATED** from this action;

4. The case is **REMANDED** to the Magistrate Judge for further proceedings; and

5. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

                                                          /s/ (signature)
                                            United States District Judge