# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEMETRIUS BAILEY** : | |
| : | |
| **Plaintiff** : | |
| v. : | 3:CV-07-2058 |
| : | (JUDGE MARIANI) |
| **R.M. LAWLER, J. OAKES, et al.,** : | |
| : | |
| **Defendants** : | |

## MEMORANDUM OPINION

Plaintiff submitted a Motion to Intervene Based on New Evidence (Doc. 374), which Defendants construe as a Motion for Reconsideration of Judge Nealon's Order on Plaintiff's Motion to Alter or Amend the Judgment (Doc. 355).

One of Plaintiff's claims initial claims in this case was an alleged assault by corrections officers on October 4, 2007. He filed a grievance in connection with the incident (grievance 203323) under DC-ADM 804. (Doc. 263, at 224). On October 18, Plaintiff complained that his grievance had not yet been addressed. (*Id.* at 227). Connie Green, the Acting CSA, responded on October 31, saying that the grievance officer assigned to the case required additional time to resolve the matter. (*Id.* at 225). She then granted the officer an additional ten days to research and respond to Plaintiff and informed Plaintiff that this delay would not "affect [Plaintiff's] ability to appeal this matter to the Superintendent." (*Id.*). That day, the grievance officer filed the Initial Review Response saying he had reviewed the grievance and the allegations were being investigated. (Doc. 374, Ex. A).

Meanwhile, Plaintiff had attempted to appeal the grievance to the Secretary's Office of Inmate Grievances & Appeals ("SOIGA"). On November 6, 2007, Cindy Watson, Chief Grievance Officer, responded to Plaintiff stating that the record reflected he had already filed a grievance and he needed to "await the initial review response" before the SOIGA would act. (*Id.* at 228).

On November 8, 2007, Superintendent Lawler addressed Plaintiff's appeal of his grievance. (*Id.* at 226). In Superintendent Lawler's letter, he stated he had reviewed Plaintiff's original complaint, the appeal, and the response from the grievance officer. Lawler stated that the grievance was "found to be without merit," but that an "ongoing investigation into your allegations is in progress." (*Id.*).

Plaintiff then filed this federal action on November 13, 2007. (Doc. 1). Meanwhile, Plaintiff again attempted to appeal to the SOIGA. On December 7, 2007, Cindy Watson again denied the appeal, this time for failure to attach the Initial Review Response/Rejection by Grievance Officer, as required under DC-ADM 804. (*Id.* at 229).

Judge Nealon dismissed all but one of Plaintiff's claims on motions for summary judgment in May 2010 and December 2010, respectively. (Docs. 332, 342). In the motions, both Magistrate Judge Carlson and Judge Nealon addressed only those grievances that had been fully exhausted by Plaintiff, meaning they did not discuss grievance 203323. Plaintiff argued that he had fully exhausted his administrative remedies for grievance 203323 in a Motion to Alter or Amend the Judgment (Doc. 353) in May 2011. Judge Nealon

denied the motion because Plaintiff was untimely with his motion under Rules 59(e), and under Rule 60(b), there were no exceptional circumstances warranting extraordinary relief because though Plaintiff appealed Judge Nealon's grant of summary judgment to Defendants (Doc. 332) to the Third Circuit (Doc. 333), his appeal was dismissed for failure to timely prosecute. (Doc. 335).

Plaintiff filed this current motion on March 19, 2012, allegedly because new evidence had come to light that warranted revisiting the issue of whether he had exhausted his administrative remedies for grievance 203323. His new evidence consists of an excerpt from a Judge Nealon opinion issued in August 2011 in *Victor v. SCI-Smithfield*, 3:08-CV-1374. In that opinion, Judge Nealon excused the plaintiff from the exhaustion requirement because OPR took five months to decide on the grievance after he directly notified OPR of inmate abuse. The delay violated DC-ADM 001, which states that "an investigation assigned to the OPR shall be completed within 30 working days of receipt of the investigative order."[1] Plaintiff argues his assault claim should have been considered in the summary judgment decisions. He further contends that if it had been considered, it would have survived the motions for summary judgment, and he would have another claim at trial.

In their Brief in Opposition to Plaintiff's motion (Doc. 375), Defendants state that SOIGA timely completed its investigative report on November 20, 2007 and that OPR timely completed its investigation on December 12, 2007. Defendants claim that Plaintiff filed this

---

[1] The Court notes that Victor filed his claim with OPR under DC-ADM 001, whereas Plaintiff Bailey filed his grievances with the prison under DC-ADM 804. The two procedures follow different timetables, and neither party has submitted relevant rules in force in 2007 to the Court in connection with this motion.

action before exhausting his administrative remedies and had ample opportunity to raise this matter pending the two motions for summary judgment. He was allowed to review all documents related to grievance 203323, including the investigative report prepared by SOIGA and OPR, so Judge Nealon properly excluded that grievance when deciding the motions for summary judgment. Furthermore, in his motion, Plaintiff does not disclose when or how he received this "new" evidence, which was issued in August 2011.

Plaintiff has not introduced new factual evidence in support of his motion. As such, Defendants have correctly construed the motion as one for reconsideration. Had Plaintiff produced new factual evidence, the Court may have found otherwise.[2] Judge Nealon's previous Order denying the Motion to Alter or Amend the Judgment on this specific issue weighs heavily against re-opening the issue, and the undersigned will not disturb Judge Nealon's previous ruling which is directly on point.

Finally, the Court has been informed that a volunteer attorney has agreed to represent Plaintiff at trial. Once the attorney enters his appearance, the Court will hold a scheduling conference to set a date for jury selection and trial. A separate Order follows.

Robert D. Mariani
United States District Judge

---

[2] The Court sympathizes with Plaintiff's situation in light of the procedural maze he must navigate as a *pro se* prisoner litigant. Nevertheless, according to the rules governing grievances within the Bureau of Prisons and the Federal Rules of Civil Procedure, Judge Nealon was within his discretion to deny granting relief to Plaintiff on his Motion to Alter or Amend the Judgment.